IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

LEANDER J. GREGG,

                              Plaintiff,

        v.

SHERIFF SCOTT KNUDSON, *et al.*,

                              Defendants.

OPINION and ORDER

24-cv-430-wmc

Plaintiff Leander J. Gregg, representing himself, alleges that defendants denied him his religious exercise rights while he was incarcerated at St. Croix County Jail between August 7, 2023 and September 18, 2023.  Dkt. 5.  Gregg has filed a motion to compel production of defendant Sergeant Naomi Sieben's work schedule and the maintenance records for the jail's inmate kiosks and tablets in the dorm where he was placed.  Dkt. 18.  The court will deny the motion in part and grant it in part for the following reasons.

First, Gregg's request for defendant Sieben's work schedule must be denied as moot. Defendants state that they have produced the work schedule for the relevant time period. Dkt. 20 at 2.  Gregg admits that he has received the schedule.  Dkt. 21 at 1.  There is no need to order production.

Second, the court will order defendants to produce the maintenance records.  With his motion to compel, Gregg submitted records of his grievances and religious accommodation requests that show the jail's responses.  Dkt. 23-1.  Gregg explains that the kiosks and tablets are the primary means for inmates to submit grievances and requests, but there were "outages" while he was incarcerated so he also had to make verbal requests for religious accommodations that were never fulfilled.  Dkt. 21 at 2.  He wants the court to understand "the circumstances

under which [he] pursued religious accommodation through available means" and argues that the maintenance records "bear directly on issues of access, exhaustion, and institutional justification." Dkt. 18 at 2–3 & Dkt. 21 at 2.

Defendants respond that they have not asserted exhaustion as a defense, and Gregg has not alleged that he was ever denied access to the jail's kiosks or tablets. The Prison Litigation Reform Act requires inmates to exhaust all available administrative remedies before filing a lawsuit in federal court about "prison conditions." 42 U.S.C. § 1997e(a). Gregg wants to show that the means for submitting grievances and requests were sometimes unavailable. But Gregg does not have to establish that he exhausted his administrative remedies because defendants did not file for summary judgment on exhaustion grounds, so there is no reason to order production for that purpose.

That said, Gregg will have to establish that defendants "placed a substantial burden on his religious practices" and were directly involved in denying his requests to attend church services and otherwise practice his faith. *Thompson v. Holm*, 809 F.3d 376, 379 (7th Cir. 2016). Generally speaking, the scope of discovery is broad, and information within this scope need not be admissible to be discoverable. Fed. R. Civ. P. 26(b)(1). Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case" so long as the benefits of production are not outweighed by other concerns, including how burdensome production would be. That Gregg at times had to make verbal accommodation requests that were never fulfilled could bear on the merits of his free exercise claim, and defendants do not argue that producing any existing maintenance records for about 42 days would be unduly burdensome. Gregg may also use interrogatories and requests for admissions to ask defendants if they have

2

information about making verbal requests and complaints, and whether there is any record of interruptions in kiosk and tablet service while he was incarcerated.

## ORDER

IT IS ORDERED that:

1. Plaintiff Leandre J. Gregg's motion to compel, Dkt. 18, is DENIED in part as moot and GRANTED in part.

2. Defendants do not need to produce any additional work schedules, but they must produce by April 10, 2026 any existing maintenance records for the kiosks and tablets in the jail's Huber Dorm between August 7, 2023 and September 18, 2023.

Entered March 27, 2026.

BY THE COURT:

/s/

_____

ANITA MARIE BOOR
Magistrate Judge

3